Filed 3/13/13  P. v. Harrell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEREK DWAYNE HARRELL,<br><br>    Defendant and Appellant. | F064136<br><br>(Super. Ct. No. MF009702A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Cory J. Woodward, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari L. Ricci, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Wiseman, Acting P.J., Levy, J., and Peña, J.

Based on his guilty plea, defendant Derek Dwayne Harrell was convicted of driving under the influence with prior convictions of driving under the influence. At several different court appearances, Harrell asked for substitution of counsel, and in each instance the court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and denied the request. At the sentencing hearing, Harrell denied that he wished to withdraw his plea, but stated that he wanted the record to show that, as he had said during the *Marsden* hearings, he entered the plea only because of his trial counsel's unsatisfactory performance. Now Harrell argues that these remarks during the sentencing hearing should have been viewed as another request for substitution of counsel and that the court erred by not conducting another *Marsden* hearing. We disagree and will affirm the judgment.

## *FACTUAL AND PROCEDURAL HISTORIES*

Harrell was seen by a sheriff's deputy driving on the wrong side of the road while talking on a cell phone. The deputy pulled Harrell over and summoned a highway patrol officer to assist. The highway patrol officer observed that Harrell smelled of alcohol and had bloodshot eyes; and Harrell told him he had drunk a quart of beer. Two breath tests showed blood alcohol levels of .19 percent and .17 percent.

The district attorney filed an information charging Harrell as follows: Count 1, violating Vehicle Code section 23152, subdivision (a)[1] (driving under the influence of alcohol or drugs), within 10 years of a prior conviction under that section that was punished as a felony under section 23550 (§ 23550.5); count 2, violating section 23152, subdivision (b) (driving with a blood alcohol content of .08 percent or greater), within 10 years of a prior conviction under that section that was punished as a felony under section 23550 (§ 23550.5); and count 3, driving with a suspended license (§ 14601.2,

---

[1]Subsequent statutory references are to the Vehicle Code unless otherwise indicated.

subd. (a)). The information alleged that Harrell was convicted of driving under the influence in 2004 and 2010 and served a prison term for each of those convictions within the meaning of Penal Code section 667.5, subdivision (b).

Harrell made *Marsden* motions at the pre-preliminary hearing on September 26, 2011, the preliminary hearing on September 28, 2011, a motion hearing on November 8, 2011, and the readiness hearing on November 22, 2011. In each instance, the court conducted a closed *Marsden* hearing and denied the motion.

On November 22, 2011, Harrell accepted a plea agreement. He pleaded guilty to count 1 and admitted one prior prison term in exchange for a stipulated prison term of three years (the middle term of two years for count 1 plus a one-year enhancement for the prison prior) and the dismissal of the remaining counts and allegations.

Harrell appeared for sentencing on December 20, 2011. The court began by saying it had seen, in the probation officer's report, that Harrell had expressed a desire to withdraw his plea. (The probation officer's report included Harrell's remark to the probation officer: "'I want to take my plea back.'" The court asked Harrell's counsel about this. Harrell's counsel said, "I discussed that with Mr. Harrell, and he does not want to make that request. He does want to go forward with sentencing today." The court then had the following exchange with Harrell:

> "THE COURT: Okay. Well, then, first of all, Mr. Harrell, do you remember telling the probation officer that?
>
> "THE DEFENDANT: Yes, I did.
>
> "THE COURT: But—have you changed your mind?
>
> "THE DEFENDANT: No. I just would like to address the Court before you proceed with sentencing.
>
> "THE COURT: Okay. You will have a chance to do that, and then the last thing then that I will cover with you is you did enter your plea before Judge Benavides. You have the right to have the—to be sentenced by Judge Benavides who is not here today. If you are willing to give up that right, I can proceed to sentencing. [¶] Are you willing to do that, sir?

3.

"THE DEFENDANT: Yes.

"THE COURT: Okay. All right. Then let me ask then. [¶] [Defense counsel], any legal reason why sentencing cannot proceed today?

"[DEFENSE COUNSEL]: None.

"THE COURT: All right. So let's begin then. [¶] Mr. Harrell, comments that you are going to make are hopefully comments that you want me to consider in terms of your sentencing here. You have agreed to a stipulated term, so it's not as though I am going to be going up or down, but I will certainly give you your opportunity to make comment to the Court.

"THE DEFENDANT: All right. Your Honor, excuse me. Please allow the record to reflect that although the defendant in this case, myself, knowingly and willingly and voluntarily accepted this deal, it should also reflect that the decision I have made in regards to the plea deal was made under duress stress. In the past I have made several efforts to discontinue representation by [defense counsel]. However, all requests were to no avail for reasons I do not understand. The record should also reflect that had [defense counsel] provided an adequate representation, I would not have accepted this deal.

"[THE PROSECUTOR]: Your Honor, may I interject. This … appears to be going in the direction of a Marsden motion and I wonder if I—prosecution should be here, if that's where we are going on this.

"THE COURT: All right. Mr. Harrell, one of the first things you said earlier is that you entered the plea under duress and stress, and that's one of the things that—well, that's one of the things that would prevent this plea from going through. So if you are making comments to that extent, that's what you truly believe, then we are back to the point where we need to consider whether you are going to withdraw your plea.

"THE DEFENDANT: Well, like I said—like I stated in my letter here is that I knowingly and willingly accepted the deal, but under duress stress because—I mean—I have asked—had several Marsden hearings for [defense counsel] to be removed from my case.

"THE COURT: Right.

"THE DEFENDANT: Because he was inadequate and basically I am just setting this up for my appeal, that's all I am doing.

4.

"THE COURT: All right. This is not a current Marsden motion. So we'll just go ahead and proceed with your statement, sir.

"THE DEFENDANT: Thank you. [¶] Okay. I said, however, all requests were made—all requests were to no avail for reasons I do not understand. The record would also—should also reflect that had [defense counsel] provided an adequate representation, I would not have accepted this deal and therefore would have exercised my right to a speedy trial. Had [defense counsel] put forth the significant effort into locating evidence, interviewing witnesses and etcetera, my case would have gone to trial and possibly considering the evidence that would have been presented a jury may have reached a verdict in the favor of the defense, and basically, I'm just—you know, I had to take this deal, this three years' deal. I was forced to go to trial with [defense counsel]. He didn't—he claimed that he got statements from my bank, my bank to help me with proving the evidence—knowing about where I was when this officer said I was in one place. I am not a legal—I am not a lawyer, so I don't really know what's going on in the situation, but I do know that I want to appeal.

"THE COURT: All right. Court certainly understands that the statement that Mr. Harrell has made today is for purposes of his appeal, and consequently I will proceed with sentencing at this time."

At this point, defense counsel interjected to make sure Harrell did not want to withdraw his plea:

"[DEFENSE COUNSEL]: Your Honor, before we go much farther with the sentencing, I would like to comment that I have advised Mr. Harrell that with the entry of a plea if he does choose to go forward with the sentencing, he would lose any Appellate rights based on that plea with certain limitations, which I have explained to him. [¶] And I think it would behoove the Court just to make extra certain that it is Mr. Harrell's desire to go forward with sentencing and that he is not expressing his desire at this time to withdraw the plea.

"THE COURT: Okay. Well, Mr. Harrell, I think—that's how I understand what you have said. [¶] You understand you do not have to proceed with sentencing today? [¶] Do you understand that, sir?

"THE DEFENDANT: Yeah, I do understand that.

"THE COURT: All right. And you understand, of course, that if you—if there were grounds to withdraw your plea, that ultimately you could have a trial in the matter? [¶] Do you understand that?

"THE DEFENDANT: I do understand that, however—

"THE COURT: Hold on. Let me say I do understand what you have told us so far that you have entered this plea because you think that it is the best thing to do given the results that you have had in your conversations with your lawyer.

"THE DEFENDANT: Well, like I said, I was going to be forced to go to trial with somebody who didn't want to adequately represent me, which is [defense counsel].

"THE COURT: All right.

"THE DEFENDANT: So what am I going to do? I mean going to trial with somebody who I know is going do dump me because he has shown me even said it in court that he didn't care of my case. He said he didn't give a fuck about my case. With that being said, I mean I—I let Mr. Benavides know that he said that, but he got in front of the Court and do what he always do.

"THE COURT: Okay. All right. Okay. Now, I know those concerns have all been addressed at the appropriate *Marsden* hearings. So I just want to make double sure that you want to go ahead and go through with your plea agreement: That's what you want to do, right?

"THE DEFENDANT: One more question, sir. I do—like I said in my letter, I said that I didn't want to—I'm not appealing this sentence. I am appealing the ineffective assistance of counsel from [defense counsel]. I know my Appellate rights are still good for that.

"THE COURT: Okay. That's how I understood you, and I think it's very clear on the record that that's what is taking place today."

The court then imposed the stipulated three-year sentence. Harrell applied for and obtained a certificate of probable cause to appeal.

## *DISCUSSION*

"[A] trial court is obligated to conduct a *Marsden* hearing on whether to discharge counsel for all purposes and appoint new counsel when a criminal defendant indicates

6.

after conviction a desire to withdraw his plea on the ground that his current counsel provided ineffective assistance only when there is 'at least some clear indication by defendant,' either personally or through his current counsel, that defendant 'wants a substitute attorney.' [Citation.]" (*People v. Sanchez* (2011) 53 Cal.4th 80, 89-90.)

Harrell contends that his remarks at the sentencing hearing satisfied this standard. We do not agree. Harrell stated that he wanted the record to reflect that he would not have pleaded guilty if his counsel had not been ineffective, but that because all his *Marsden* motions had been denied, he was stuck with his present counsel and preferred, under those circumstances, to proceed with sentencing under the plea agreement. He did not claim there were new reasons for substitution of counsel or even that he wanted an opportunity to reiterate the old, rejected reasons; and he makes no attempt to resurrect those reasons in this appeal. He neither indicated a desire to withdraw his plea at the sentencing hearing nor made any clear indication that he was attempting to extend his fruitless efforts to obtain a new attorney. The trial court was correct when it stated that Harrell was not making a new Marsden motion. A fifth *Marsden* hearing was not required.

## *DISPOSITION*

The judgment is affirmed.